[L. A. No. 4576.   Department Two.—August 12, 1918.]

SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant, v. INDUSTRIAL DEVELOPMENT LAND COMPANY (a Corporation), et al., Respondents.

BOUNDARIES—LOCATION OF STATION—EVIDENCE—DECREE IN PARTITION.—
In an action to enjoin the erection of a building upon land alleged to belong to a railroad company and to be necessary for the operation of its railway, the title of which land was claimed by defendant, where the real controversy was as to the location of a part of the boundary line between the properties of the parties which

question in turn depended upon the location of a certain corner post, the court properly admitted in evidence a decree of partition of lands to the south and east of the properties in question, which made reference to the disputed corner, although neither parties or their predecessors in interest were parties to such partition suit, where such common corner of the adjoining parties is referred to in the mesne conveyances under which plaintiff holds, and is shown by the decree to be marked by a monument.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Henry T. Gage, and W. I. Gilbert, for Appellant.

Gurney E. Newlin, for Respondents.

WILBUR, J.—Plaintiff sued to enjoin the defendants from erecting a brick building upon land alleged to belong to the plaintiff and to be necessary for the operation of its railway, the title whereof was claimed by defendant Land Company. The court gave judgment for defendants and plaintiff appeals.

Plaintiff and defendant Industrial Development Land Company are the owners of adjoining land in Los Angeles, in the block bounded by Macy, Alameda, Aliso, Lyon, Avila, and Ramirez Streets. The real controversy between the parties is as to the location of a part of the boundary line between their properties, and this in turn depends upon the location of one of the stations in that boundary line of the lands formerly owned by Mrs. C. A. de Sepulveda. The land thus brought in question is triangular in form, with a base at the disputed point of about two and a half feet and an altitude of about eight hundred feet. After plaintiff and defendant had introduced in evidence the deeds constituting their respective chains of title, the defendants offered in evidence a decree of partition of lands belonging to the heirs of G. Tononi, to the south and east of the property belonging to the parties. Appellant claims that the introduction of this decree was erroneous, for the reason that neither of the parties to this action, nor their predecessors, were parties to the partition suit. The decree, how-

ever, was received in evidence, not for the purpose of binding the parties by its terms, but for the reason that one of the corners referred to in this decree is the disputed point and is referred to in the mesne conveyances under which plaintiff claims title, which reference is as follows: "Said point being the northeasterly corner of the lands of Mrs. C. A. de Sepulveda and a common corner with the lands of the heirs of G. Tononi as the same existed prior to the execution of the deed by said Mrs. C. A. de Sepulveda and her husband to the party of the first part herein . . . to which said deed reference is hereby made; said point of commencement being further described as being on the southerly line of what is known as the Los Angeles Orphan Asylum Tract," etc. In view of this reference to a common corner of the lands of plaintiff's predecessors and to the heirs of G. Tononi in the decree in partition, it was competent evidence to aid in fixing the disputed point. This corner was thus described in the decree of partition: " . . . a post 4"x 4" marked C. A. and G. T. in the northeasterly corner of the land of C. Apablasa . . . ," who was a predecessor of defendant.

It is claimed that the evidence is insufficient to justify the finding of the trial court, which was to the effect that the corner in dispute was located as claimed by the defendants. The evidence to support this finding is so abundant that it need not be set forth in detail. Suffice it to say, it included evidence of fences and buildings existing along a large portion of the eight hundred foot line in controversy for more than twenty years, and the location of the four by four inch redwood posts at the corner, as claimed by the defendants, with other evidence abundantly sustaining the conclusion of the trial court. It is claimed by the plaintiff that the evidence shows that the property in question has been occupied and was in the possession of the plaintiff for more than five years preceding the institution of the suit in question. The evidence is directly to the contrary, and is to the effect that the land in dispute was not actually occupied by plaintiff's tracks. Plaintiff claims that the line as fixed by the defendant was within eight feet six inches of the center line of the plaintiff's railway track nearest the boundary and thus did not allow the clearance required by the rule of the Railroad Commission of eight feet and six inches. This claim, however, is directly disputed by one of the defendants'

witnesses, who thus fixed the line claimed by the defendants with reference to the tracks: "The distance between the northerly line and the center of the track of the Southern Pacific Railway Company lying to the north is eight feet nine inches."

The judgment is affirmed.

Melvin, J., and Lorigan, J., concurred.